# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JUAN ALBERTO ALVAREZ-CASTOR and CARLOS CISNEROS, individually and on behalf of other employees similarly situated, | )<br>)<br>) Case No. 15-cv-2440 |
| Plaintiffs, | ) Judge Sharon Johnson Coleman |
| v. | ) |
| DOG GONE GOOD FOOD, INC., HOWARD PASS, and JOHN DOE CORPORATION # 1 d/b/a RICS DOG GONE GOOD FOOD, | )<br>)<br>) |
| Defendants. | |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Juan Alberto Alvarez-Castor and Carlos Cisneros filed a two-count amended complaint against defendants Dog Gone Good Food, Inc. ("Dog Gone Good Food"), John Doe Corporation # 1 d/b/a/ Ric's Dog Gone Good Food ("Ric's"), and Howard Pass ("Pass") on behalf of themselves and others similarly situated, alleging violations of the Fair Labor Standards Act and the Illinois Minimum Wage Law. Pass moves to dismiss the complaint for failure to state a claim on which relief can be granted. For the reasons set forth herein, Pass's motion to dismiss [21] is denied.

**Background**

The following facts are taken from the amended complaint and are accepted as true for the purposes of ruling on the instant motion. Dog Gone Good Food was a food service enterprise owned by Pass until it went out of business on August 9, 2013. (Dkt. ¶ 9, 13). Ric's is an ongoing food service business owned by Pass. (*Id.* ¶ 14, 20). Pass was involved in the day-to-day business operations of both corporations. (*Id.* ¶¶ 13, 20). The plaintiffs were hired as cooks by Pass and Dog Gone Good Foods and are currently employed by Pass and Ric's, where they are paid $750 in cash

1

on a weekly basis. (*Id.* ¶¶ 23–25, 29, 30). The defendants scheduled the plaintiffs to work in excess of 40 hours per week, and did not pay them overtime wages. (*Id.* ¶¶ 26, 27, 33).

**Legal Standard**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint, not the merits of the allegations. The allegations must contain sufficient factual material to raise a plausible right to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569 n.14, 127 S.Ct. 1955, 1973, 167 L.Ed.2d 929 (2007). Although Rule 8 does not require a plaintiff to plead particularized facts, the complaint must allege factual "allegations that raise a right to relief above the speculative level." *Arnett v. Webster*, 658 F.3d 742, 751–52 (7th Cir. 2011). Put differently, Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009), *see also* Fed. R. Civ. P. 8(a). When ruling on a motion to dismiss, the Court must accept all well-pleaded factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 830 (7th Cir. 2012).

**Discussion**

Pass contends that he is not an "employer" as that term is defined in the Fair Labor Standards Act (FLSA) and the Illinois Minimum Wage Law (IMWL) because the plaintiffs do not adequately allege that he exercised operational control over the corporate defendants. Under the FLSA, the term "employer" includes, in pertinent part, "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(a). This liability can extend to officers, agents, and shareholders under the "economic reality" analysis, which "focus[es] on the role played by the corporate officers in causing the corporation to undercompensate employees and to prefer the payment of other obligations and/or the retention of profits." *Baystate Alt. Staffing,*

*Inc. v. Herman,* 163 F.3d 668, 678 (1st Cir. 1998). Personal liability under the FLSA is typically found where the officer in question (1) holds a significant ownership interest in the corporation; (2) exercises operation control over significant aspects of the corporation's day-to-day functions, including the compensation of employees; and (3) personally made the decision to continue operations despite financial adversity during the period of nonpayment. *Park v. Dundee Mkt. III, Inc.*, No. 14-cv-1541, 2014 WL 6617030, at *3 (N.D. Ill. Nov. 20, 2014) (Darrah, J.). The FLSA "economic reality" analysis is also the applicable standard under the IMWL. *Id.*

Here, the plaintiffs allege that Pass is the owner of each corporate defendant and "is involved in the day-to-day business operations and has the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and has the authority to participate in decisions regarding employee compensation and capital expenditures." Pass asks us to read this allegation as combining a conclusory assertion that Pass is involved in the corporate defendants day-to-day operations and a separate list of activities that Pass had the hypothetical authority to engage in. Based on that reading, Pass asserts that the plaintiffs haven't alleged that he actually exercised control over the defendant corporations' activities, only that he could have exercised such control. However, taking the complaint in the plaintiffs' favor, this Court reads it as alleging that Pass was involved in the corporate defendants' day-to-day operations by exercising the enumerated forms of authority that he possessed. Accordingly, the plaintiffs have adequately alleged that Pass was their "employer" as that term is defined by statute.

Pass also contends that the plaintiffs have failed to plead facts sufficient to justify piercing the corporate veil so that Pass may be found liable for the acts of the defendant corporations. Pass has provided no authority, and this Court is aware of none, requiring that a court must pierce the corporate veil before an individual "employer," as that term is defined by statute, may be found

liable under either the FLSA or the IMWL. To the contrary, it is well established that it is not necessary to pierce the corporate veil in order to hold an individual employer liable under the FLSA. *McLaughlin v. Lunde Truck Sales, Inc.,* 714 F. Supp. 920, 923 (N.D. Ill. 1989); s*ee also Wirtz v. Pure Ice Co.*, 322 F.2d 259, 263–64 (8th Cir. 1963) ("The right of action [created by the FLSA] has nothing to do with the doctrine of piercing the corporate veil."). Because the later-enacted IMWL's definition of "employer" is functionally identical to that contained in the FLSA, this Court must assume that the Illinois legislature intended for liability under the FLSA to be similarly far-reaching. *See Laborer's Int'l Union of N. Am. v. State Labor Relations Bd.*, 507 N.E.2d 1200, 1204, 154 Ill.App.3d 1045, 1050 (Ill. App. Ct. 1987) ("[W]hen the state legislature passes a state statute based upon a federal statute, the statute can presumably be interpreted in conformity with the decisions of the federal courts rendered prior to the adoption of the statute . . . [and] it may be presumed that the legislature adopted the language it did with knowledge of the construction previously enunciated in the federal courts.").

**Conclusion**

For the foregoing reasons, Pass's motion to dismiss the plaintiffs' claims against him is denied.

SO ORDERED.

_____
Sharon Johnson Coleman
United States District Court Judge

DATED: December 4, 2015